IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                  Case No: 3:00cr99/RV
                                                                             3:02cv391/RV/MD

ALAN BRUCE CHEATHEM

REPORT AND RECOMMENDATION

This matter is before the court for the second time upon the defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 25). After the court initially dismissed the motion, the defendant appealed and the Eleventh Circuit entered a limited remand, as set forth below. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion should be denied.

Background/ Trial Court Proceedings

Defendant was charged in a two count indictment with two offenses involving child pornography under the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 et seq. ("CPPA"). Count One charged that the defendant "did knowingly distribute visual depictions that had been shipped and transported in interstate commerce . . . the producing of said visual depictions involving the use of minors engaging in sexually explicit conduct, as defined in Title 18 United States Code, Section 2256 . . . all in violation of Title 18 United States Code Section 2252(a)(2) & (b). (Doc. 1 at 1-2). Count Two charged that

the defendant "did knowingly possess material that contained three or more images of child pornography, as defined in Title 18 United States Code, Section 2256(8); said images having been shipped or transported in interstate or foreign commerce . . . . All in violation of title 18 United States Code, Sections 2252(A)(a)(5)(B) & (b)."  (Doc. 1 at 2).   On January 4, 2001, the defendant pleaded guilty as charged, "subject to objections that he may have to the constitutionality of the statute and (sic) question 18 U.S.C. 2252(a)."  (Doc. 29 at 3).

During the plea colloquy, the court informed the defendant that he was charged in Count One with knowingly distributing visual depictions, "the producing of those visual depictions involving the use of minors engaging in sexually explicit conduct as defined in title 18 United States Code, section 2256."  (Doc. 29 at 13).  The defendant admitted to the charge without objection, other than to clarify that he did not personally produce any pornographic images.  (Doc. 29 at 13-15).  The court explained that with respect to this charge, the government was required to establish: (1) that defendant knowingly received or distributed a visual depiction; (2) that the visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including a computer; (3) that production of that depiction involved the use of a minor engaging in sexually explicit conduct; (4) that such visual depiction is of a minor engaged in sexually explicit conduct; and (5) that he knew that at least one of the performers in that depiction was a minor, and knew that the visual depiction was of a minor engaged in sexually explicit conduct.  (Doc. 29 at 15-16).  The court advised that "minor" meant a person under the age of 18.

Count Two charged defendant with knowingly possessing material that contained three or more images of child pornography as defined in Section 2256(8), which images had been shipped or transported in interstate or foreign commerce, including by computer. The court read all four subsections of the definition of child pornography contained in section 2256(8), and reiterated that the government was required to prove that the defendant knowingly possessed material that contained three or more images of child pornography, and that such material was shipped or transported in interstate or foreign commerce by any means, including a computer.  (Doc. 29 at 17-18).

The defendant admitted his guilt to both charges without objecting to the essence of the facts as summarized by the Assistant United States Attorney. (Doc. 29 at 24-25, 26). With respect to the AUSA's statement that there were over 9,000 images, defendant indicated that he had regular pornography as well as child pornography and that he was "shocked" to hear that the number of child pornography images was so high. (Doc. 29 at 25). The AUSA said that the defendant could have been correct, that the number of child pornography images were less than 9,000, but that there were "well over several thousand." (Doc. 29 at 26).[1] Defendant and his attorney agreed, however, that regardless of the number of images, it was well in excess of the three required by statute. (*Id*.).

At sentencing, defendant did not object to the facts as set forth in the Presentence Report. His only objection pertained to the application of a five-level enhancement pursuant to § 2G2.2(b)(2)(B), because the crime involved receiving something of value. Defendant did not suggest that the children portrayed in the images found on his computer were not real children. He was sentenced to a term of 87 months imprisonment on count one and a concurrent term of 60 months imprisonment on count two. He did not appeal.

Post-Conviction Proceedings

On June 13, 2002, the defendant filed a motion to dismiss the indictment and for immediate release. (Doc. 21) In this motion he argued that his conviction and sentence must be overturned due to the Supreme Court's decision in *Ashcroft v. The Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) because the Court held unconstitutional the statute under which he was convicted. The government responded in opposition, and the district court entered an order construing the motion as one pursuant to § 2255 and referring it to the magistrate judge for further proceedings. (Doc. 23). Defendant was directed to amend his motion to submit it on the proper forms, and his amended motion was filed on October 11, 2002. (Doc. 25).

---

[1] Paragraph 13 of the PSR estimated that there were over 6,000 images and 474 movies that depicted nude children and children in sexual situations.

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*

In response to defendant's amended motion, the government argued only that it should be dismissed as untimely. This court found that the motion was timely, but sua sponte recommended dismissal on the merits. It reasoned that because the defendant was convicted of violations of 18 U.S.C. § 2252(a)(2) and (b) and 18 U.S.C. § 2252A(a)(5)(B) and (b), and the Supreme Court decision upon which he relied as the basis for this motion held unconstitutional 18 U.S.C. § 2256(8)(B) and (D). *Ashcroft v. Free Speech Coalition*, 122 S.Ct. at 1405, 1406, he was not entitled to relief. (Doc. 39). The defendant objected, stating that the element of "knowingly" could not be satisfied because since *Ashcroft*, the prohibition on any visual depiction must now examine how the image was produced. (Doc. 40). He argued that he "knew" that the images he possessed were computer generated and thus were not "actually" minors. The district court adopted the recommendation over defendant's objection (doc. 48), and the defendant appealed.

The Eleventh Circuit affirmed the denial of relief as to Count One of the defendant's conviction and sentence, but vacated and remanded the denial of relief as to defendant's challenge to Count Two of the conviction and sentence. (Doc. 81). It noted that in *Free Speech Coalition*, the Supreme Court held unconstitutional portions of the definition of child pornography in 18 U.S.C. § 2256. Section 2256(8)(B) and (D) were found to be overbroad under First Amendment analysis because the definitions encompassed "virtual" child pornography, that is pornographic images involving no "real" children. *Free Speech Coalition*, 535 U.S. at 240, 122 S.Ct. at 1396 (referencing *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607 (1973) and *New York v. Ferber*, 485 U.S. 747, 102 S.Ct. 3348 (1982)). The conduct proscribed in Count One of the indictment was not implicated because it must involve actual minors and not "virtual minors." (Doc. 81 at 8). Therefore, defendant's 87 month sentence on that count was affirmed. However, the court found that the decision in *Free Speech Coalition* was implicated in Count Two because the statutory definition of child pornography was incorporated therein and the district court had read all four subsections of § 2256(8) during the plea colloquy, including those two subsections later found to be unconstitutional. The Eleventh Circuit also found that although the grounds for defendant's constitutional claim were not specified in the § 2255 motion itself, the fact

that he raised them in his objections to the report and recommendation were sufficient to raise a proper claim in habeas. (Doc. 81 at 9). Defendant's claim, as interpreted by the appellate court, was that "some" of the minors depicted in the relevant material were either not actually minors or were computer generated, or, alternatively, that he did not know that they were images of real minors, a claim that would be implicated by *Free Speech Coalition*. The court remanded for further proceedings on this issue, explicitly declining to express any opinion on either the substantive merits of such a claim or whether it was procedurally defaulted.

<u>Defendant's Pending Claim</u>

Defendant's surviving claim is that his conviction on Count Two should be reversed based on the authority of *Free Speech Coalition*, *supra*, because he now claims for the first time that some of the minors depicted in the relevant material were either not actually minors or were computer generated, or, alternatively, that he did not know that they were images of real minors. The government has responded (doc. 92) and the defendant has replied. (Doc. 94).

In its response the government argues that the defendant's claim is both procedurally barred and without merit. It maintains that the claim should be barred from Section 2255 review due to the defendant's procedural default in not raising this issue before the trial court or pursuing a direct appeal.[2] It is well established that issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *United States v. Frady*, 456 U.S. 152, 162-166 (1982). A ground is "available" on direct appeal when "its merits can be reviewed without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 131 L.Ed.2d 856 (1995). Absent a showing that the ground of error was unavailable on direct

---

[2] The government also argues that had defendant raised this claim earlier, it "could have been defeated by the government at any stage of the proceedings." (Doc. 92 at 120 n.6).

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*

appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)*; Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)*; Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel, which defendant does not raise herein, can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Therefore, he has not shown cause.

In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he can show a fundamental miscarriage of justice, that is, that he is actually innocent of the charges. *United States v. Montano,* 398 F.3d 1276, 1284 (11th Cir. 2005) (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Actual innocence means factual innocence and not mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 140 L.Ed.2d 828 (1998). The defendant's actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995) (citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862 122 L.Ed.2d 203 (1993). "To establish actual innocence, petitioner must demonstrate that in light of all the evidence it is more likely than not that no reasonable juror could have convicted him." *Bousley*, 523 U.S. at 623, 118 S.Ct. at 1611, (citing *Schlup v. Delo*, 513 U.S. at 327-328, 115 S.Ct. at 867, 868 (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))) (internal quotations omitted). This is a stronger showing than that required to establish prejudice. *Schlup v. Delo*, 513 U.S. at 327, 115 S.Ct. at 867.

The court must determine the context in which that showing is made, that is, whether the court is limited to considering the "proof" that defendant has laid before it, or whether the defendant is entitled, as he seems to believe, to an evidentiary hearing. Defendant contends that he should be able to "confront those . . . who purport to be able to find and point out distinctions of virtual/real imaging in the relatively new and untested area of digital-electronic evidence." (Doc. 94, p. 8). This statement was made in response to the government having filed an affidavit from a law enforcement officer, and attachments which are said to be "proof" of real minors being sexually abused, all of which are discussed below. However, defendant puts the cart before the horse (as did the government). Defendant is before this court on a defaulted claim, and he is not entitled to have his claim considered on the merits unless and until he passes the threshold requirements set out in *Schlup*. He must affirmatively show the court, in his petition and attachments, that it is more likely than not that no reasonable juror could have convicted him.

Defendant pleaded guilty to a crime, some of the possible elements of which are constitutionally unsound. The basis of his current claim, therefore, is that his plea was involuntary because the unconstitutional elements of the crime were taken into account when he decided to enter his plea.[3] Because defendant did not present that issue on direct appeal, he is procedurally defaulted, and in order to overcome the procedural bar *and be entitled to an evidentiary hearing and merits review of his involuntary plea claim* he has to make a threshold showing that he is actually innocent. At that hearing he could show that the minors in the photographs and films were either not real or not really minors, or that he did not know they were. If the court accepted this as factual, it would then have to conclude that defendant's plea was invalid, because he could not be guilty of a non-existent crime. But defendant does not get this hearing merely by asking for it. He must first provide evidence that it is more likely than not that a reasonable jury would not have

---

[3]**If at the plea colloquy defendant had admitted to possessing three or more depictions of *real* minors, his conviction on Count Two could not be reversed.**

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*

convicted him. Absent this, he is not entitled to an evidentiary hearing on his innocence claim

To rebut a claim of actual innocence, the government is permitted to present any admissible evidence of defendant's guilt, even if that evidence was not presented during the plea colloquy. *Bousley*, 523 U.S. at 624, 118 S.Ct. at 1612. Appended to the government's response is a sealed affidavit and sample of the child pornography possessed by the defendant.[4] The government contends that these documents prove that the defendant is not "actually innocent." It further assails defendant's belated and conclusory assertion that he was unaware that the child pornography in his possession was anything other than computer generated "virtual" child pornography or pictures of adults that only appeared to be minors engaging in sexual activity, noting that he had never made such an argument before he filed the objections to the recommendation. Even if some of the pornography in his possession depicted "virtual" children or adults posing as children, the government argues that the evidence it submitted is sufficient to establish defendant's guilt of count 2, because only three images are required.[5]

The affidavit of Special Agent Chris Rigoni of the Florida Department of Law Enforcement ("FDLE") is part of the sealed exhibit. In his affidavit, Rigoni states that he is a 16 year veteran of the FDLE with "extensive training and experience as a law enforcement officer in the area of child pornography," who was one of the investigative agents on defendant's case. Agent Rigoni states that based on his training and experience, the materials attached to his affidavit, which were recovered from the defendant's computer and computer accessories at the time of his arrest, meet the definition of child pornography as defined in 18 U.S.C. § 2256(8)(A) (visual depictions where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct). Agent Rigoni also cites excerpts from the pre-sentence investigation report, containing descriptions of five movie clips showing minors engaging

---

[4] Only the affidavit, and not the sample materials, was provided to the defendant.

[5] The government did not argue that the Eleventh Circuit's affirmance of Count One, which had to involve actual, rather than virtual minors, supported the conviction on Count Two. (Doc. 81 at 8).

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*

in sexual activity. He asserts that the material containing the images he describes are neither "virtual" child pornography, nor adults posing as children.

In his response, defendant contends that he never specifically acknowledged that any of the visual depictions he admitted possessing were "actual" children, and argues that the government failed to prove this in the district court. He repeats his assertion of actual innocence, attempting to buttress his claim by the government's admission that "some" of the visual depictions were outside the bounds set by *Ashcroft*.[6] Reading between the lines, defendant asserts only that he should be given the opportunity to rebut any evidence the government might put on relevant to the question of virtual/real imaging. (Doc. 94 at 8). He was not provided with copies of the images submitted as part of the government's sealed exhibit, so he would not have been able to address those, but he did not explicitly challenge the representation that the movies described in the PSR involved actual minors. In fact, in the objections to the initial report and recommendation, he maintains that "some" of the offending material was computer generated, and that "in other cases" the offending material only appeared to be minors.[7] It does not appear that this statement can be properly construed as claiming that *all* of the child pornography in question involved other than "real" children. Furthermore, defendant has offered no explanation of how he "knew" that the images were virtual rather than real, even as he discounts Agent Rigoni's opinion by referring to the "science of divining the difference between 'real' and 'virtual' imagery" (doc. 94 at 14). He also has not indicated how he "knew" that some of the images were actually adults who appeared to be minors. While the defendant is correct that it is initially the government's burden to show that the minors involved in alleged child pornography were "real," he ignores the fact that in the current procedural posture of the case, it is incumbent upon him to show actual innocence to defeat the procedural bar. This he has failed to do, as reference to a previously filed unsworn pleading in the face of the evidence

---

[6] In light of the great number of images and the fact that only three were required by statute to sustain a finding of guilt, even if most of the images were outside the bounds set by *Ashcroft*, defendant's claim of actual innocence would fail.

[7] The contents of this pleading were not sworn under penalty of perjury, only the fact that the document had been served.

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*

and argument presented by the government does not suffice. Cf. *Schlup*, *supra* (petitioner presented three affidavits which raised sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial). Therefore, his claim is procedurally barred and he is not entitled to relief.[8]

Based on the foregoing, it is respectfully RECOMMENDED:

The defendant's challenge to his conviction on Count Two on the indictment, as contained in the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and objections to the court's initial recommendation (doc. 25 & 40) be DENIED.

At Pensacola, Florida, this 23rd day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[8]Although not dispositive of a question of constitutional significance, the court notes that were the defendant's conviction on count 2 reversed, it would have no affect on the length of his sentence, as the concurrent 87 month sentence on count 1 was affirmed.

*Case No: 3:00cr49/RV; 3:02cv427/RV/MD*